**WEN JING WU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, United States Department of Justice, Respondents.**

No. 08–0314–ag.

United States Court of Appeals, Second Circuit.

June 1, 2009.

Henry Zhang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; David M. McConnell, Deputy Director; Lisa M. Arnold, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

Present: WILFRED FEINBERG, GUIDO CALABRESI and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part, and DISMISSED, in part.

Wen Jing Wu, a native and citizen of China, seeks review of a December 20, 2007 order of the BIA affirming the September 21, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, which de-nied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Jing Wu,* No. A98 228 875 (B.I.A. Dec. 20, 2007), *aff'g* No. A98 228 875 (Immig. Ct. N.Y. City Sep. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). This Court reviews *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ Substantial evidence supports the IJ's adverse credibility determination. As the IJ found, while Wu testified that family planning officials threatened her and that she fled to her mother's home as a result, she made no such claim before the asylum officer or in her asylum application. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006). When Wu was given the opportunity to explain these omissions, she stated that she did not know why those details were omitted because she had told the asylum officer and her attorney. No reasonable fact-finder would be compelled to credit this explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005). Although Wu argues that the IJ placed excessive weight on minor omissions which did not go to the heart of her claim, these discrepancies bear a legitimate nexus to Wu's

claim because the details omitted concern the manner in which she was allegedly persecuted. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Even if these discrepancies were less than dramatic, together they served to undermine Wu's credibility. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Further, the IJ based his decision not just on omissions from Wu's statements, but on inconsistencies between her testimony and the testimony of her witness, Dr. Reich. While Dr. Reich stated that Wu told him her IUD was inserted one month after her son was born, she testified that it was inserted a year after her son was born. *See Liang Chen,* 454 F.3d at 106–107.

Finally, as the IJ did not find Wu's testimony credible, he properly noted the absence of documentary evidence that may have corroborated her claim. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Ultimately, the IJ's adverse credibility finding, and the resulting denial of Wu's asylum application, was "based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004), *abrogated in part on other grounds in Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Thus, it was supported by substantial evidence.

■ We lack jurisdiction to consider Wu's challenge to the IJ's denial of her application for withholding of removal and CAT relief because she failed to exhaust those claims in her appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). To the

extent Wu challenges the agency's denial of that relief before this Court, the petition for review is dismissed.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).